**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| CARLOS JAMAL BLEVINS, )<br>      Petitioner, )<br>      v. )<br>DORA SCHRIRO and )<br>ARIZONA ATTORNEY GENERAL, )<br>      Respondents. )<br>_____ ) | CIV 07-02556 PHX PGR (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

On December 10, 2007, Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254, asserting he is entitled to federal habeas relief based on the United States Supreme Court's decision in <u>Apprendi v. New Jersey</u>. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 11) on March 31, 2008. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. Respondents also contend Petitioner procedurally defaulted his federal habeas claim by failing to properly exhaust it in the state courts, that Petitioner's claim is not cognizable, and that Petitioner's claim is without merit.

**I Procedural History**

In February of 1995 a Maricopa County grand jury indicted Petitioner on five charges including, *inter alia*, one count of attempted second degree murder, or, in the alternative, aggravated assault, and one count of armed robbery. Answer, Exh. A. The charges arose from an event occurring on December 26, 1994. Id., Exh. A. The state amended the indictment to allege a prior felony conviction and to allege that Petitioner had committed the offenses of December 26, 1994, while on supervised release. Id., Exh. B & Exh. D.

On October 30, 1996, Petitioner entered into a written plea agreement, which provided he would plead guilty to one count of attempted second-degree murder and one count of armed robbery. Id., Exh. E. Petitioner also agreed to pay restitution. Id., Exh. E. In return for Petitioner's guilty plea, the state dismissed the other three counts of the indictment and the allegation that Petitioner committed the crimes while on supervised release. Id., Exh. E.

The plea agreement stated that the presumptive sentence for each crime was 10.5 years imprisonment and that the maximum sentence for each crime was 21 years imprisonment. Id., Exh. E. The state also agreed that Petitioner's sentences should be served concurrently. Id., Exh. E. Additionally, in the plea agreement Petitioner allowed that he had one prior felony conviction. Id., Exh. E. At a change of plea hearing conducted October 30, 1996, Petitioner admitted there was a factual basis for his plea and Petitioner averred he understood the maximum

-2-

1  sentence that could be imposed was 21 years imprisonment.  Id.,
2  Exh. F at 3 & 11.

3  A sentencing hearing was conducted December 6, 1996.
4  Id., Exh. J.  The sentencing court found no mitigating factors
5  and three aggravating factors.  Id., Exh. J.  As aggravating
6  factors, the sentencing court found Petitioner's prior felony
7  conviction, the presence of an accomplice to the crime, and the
8  extent of the physical injury to the victim, who was shot twice.
9  Id., Exh. J. at 6-7.  Petitioner was sentenced to concurrent
10 terms of 21 years imprisonment on each count of conviction.
11 Id., Exh. J & Exh. K.

12 Petitioner waived his right to a direct appeal of his
13 convictions and sentences in his written plea agreement.  Id.,
14 Exh. E.  Petitioner filed an action for post-conviction relief
15 pursuant to Rule 32, Arizona Rules of Criminal Procedure, on
16 December 16, 1996.  Id., Exh. L.  Petitioner was appointed
17 counsel to represent him in his post-conviction proceedings.
18 Id., Exh. M.

19 On or about July 9, 1997, counsel averred to the state
20 trial court that he could find no meritorious issues to raise on
21 Petitioner's behalf.  Id., Exh. M.  Petitioner was allowed until
22 September 1, 1997, to file a *pro per* petition for post-
23 conviction relief.  Id., Exh. M.

24 Five months after the deadline had passed for
25 Petitioner to file a *pro per* petition, in an order filed
26 February 20, 1998, the state trial court noted Petitioner had
27 not filed any actual petition for post-conviction relief and
28

-3-

dismissed Petitioner's Rule 32 action. Id., Exh. O. Petitioner did not seek review of this decision by the Arizona Court of Appeals. Id. at 5.

On December 1, 2004, Petitioner filed a second action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. R. In an order filed January 7, 2005, the Superior Court noted the time to file this action had expired. Id., Exh. S. The state court further concluded Petitioner had not presented "any specifics as to how [Petitioner] might come within one of the exceptions to the timeliness requirements, as required by Rule 32.2(b)." Id., Exh. S. Accordingly, the state trial court dismissed the action for post-conviction relief. Id., Exh. S.

On December 10, 2007, Petitioner filed an action seeking federal habeas corpus relief, which was dismissed without prejudice. See Docket No. 1. Petitioner filed an amended petition on January 16, 2008, asserting his sentences violated the United States Supreme Court's opinion in Apprendi v. New Jersey. Petitioner contends he should have received a lesser sentence in acknowledgment of his guilty plea and the fact his accomplice received a lesser sentence after a jury trial. Docket No. 4. Petitioner also notes that he pled guilty to another criminal charge in a separate 1995 case resulting in imposition of the presumptive sentence. Id.

**II Analysis**

**A. Relevant statute of limitations**

The Petition for Writ of Habeas Corpus is barred by the applicable statute of limitations as found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). However, the AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2007); Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000).

By entering a guilty plea, Petitioner waived his right to a direct appeal and, accordingly, his first action for post-conviction relief was his first appeal "as of right." See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007). Petitioner's conviction was not "final" and the statute of limitations regarding Petitioner's federal habeas action did not begin to run until the conclusion of Petitioner's Rule 32 proceedings. Id.

The statute of limitations on Petitioner's federal habeas action began to run on or about March 19, 1998, when the time expired to seek review by the Arizona Court of Appeals of the Superior Court's dismissal of Petitioner's first action for post-conviction relief. See Gibson v. Klinger, 232 F.3d 799,

803-04 (10th Cir. 2000) ("Thus, we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000) (holding that, because a judgment is not final until the time for seeking review expires, the word "pending" includes that time period, whether or not such review is sought, and collecting cases so holding). See also Lookingbill v. Cockrell, 293 F.3d 256, 266 (5th Cir. 2002) (collecting cases so holding). The one-year statute of limitations expired on March 18, 1999, unless it was tolled by the pendency of a properly-filed state action for post-conviction relief.

Petitioner did not have any action for state post-conviction relief pending in the Arizona courts from March 19, 1998, through March 18, 1999. There is evidence in the record that Petitioner had a petition pending before the state Board of Clemency in early 1999. See Answer, Exh. P & Q. However, those executive clemency proceedings were not a properly-filed state action for post-conviction relief which acted to toll the statute of limitations. Malcom v. Payne, 281 F.3d 951, 957 (9th Cir. 2002). See Pace v. DiGuglielmo, 544 U.S. 408, 412-13, 125 S. Ct. 1807, 1811-14 (2005); Bonner v. Carey, 425 F.3d 1145, 1146 (9th Cir. 2005), cert. denied, 127 S. Ct. 132 (2006). Accordingly, the statute of limitations with regard to Petitioner's federal habeas action expired on March 18, 1999.

1        Petitioner did not file any other action seeking state post-conviction relief until December 1, 2004.  This Rule 32 action could not and did not "restart" the already-expired statute of limitations.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000).

         The undersigned has previously reasoned that section 2254 habeas applicants are no longer entitled to consideration of the merits of their untimely petitions based on the doctrine that the statute of limitations could be equitably tolled.  The Supreme Court recently concluded section 2254 petitioners are not entitled to equitable tolling of the AEDPA's statute of limitations because this does not comport with the plain meaning of the statute.  See Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007) (holding that "time limits enacted by Congress" are "jurisdictional" and rejecting the argument that the federal courts could craft an "equitable" exception to the jurisdictional requirement).[1]  But see Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007) (assuming, without deciding, that section 2244(d) provides for equitable tolling).

---

[1] This holding does not affect a petitioner's ability to raise claims involving a change in the law made retroactive to cases on collateral review by the United States Supreme Court or claims involving newly-discovered evidence of innocence. See 28 U.S.C. § 2244(b)(2) (2004 & Supp. 2007). Absent those circumstances, which are not present here, the strict application of the jurisdictional deadline is appropriate in a collateral proceeding and is now established Supreme Court precedent.  See Bowles, 127 S. Ct. at 2365-66.

-7-

However, assuming the doctrine of equitable tolling applies, the Ninth Circuit Court of Appeals has determined that equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control made it impossible for him to file a petition on time. See Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003); Malcom v. Payne, 281 F.3d 951, 962 (9th Cir. 2002). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034.

Petitioner has not established that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. A federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1815 (2005) (concluding that the petitioner was not entitled to equitable

-8-

1 tolling because he was misled or confused about timing of
2 exhausting his state remedies and filing his federal habeas
3 petition); Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir.
4 2005) ("Each of the cases in which equitable tolling has been
5 applied have involved wrongful conduct, either by state
6 officials or, occasionally, by the petitioner's counsel.");
7 Miranda, 292 F.3d at 1068 (concluding that counsel's errors in
8 miscalculating the statute of limitations and mis-advising the
9 petitioner did not warrant equitable tolling). Compare Sanchez
10 v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005), cert. denied,
11 126 S. Ct. 1333 (2006); Faught v. Butler, 135 Fed. App. 92, 93
12 (9th Cir. 2005). "Equitable tolling applies principally where
13 the plaintiff is actively misled by the defendant about the
14 cause of action or is prevented in some extraordinary way from
15 asserting his rights." United States v. Patterson, 211 F.3d
16 927, 930-31 (5th Cir. 2000) (internal quotations and citations
17 omitted). Compare Corjasso v. Ayers, 278 F.3d 874, 877-78 (9th
18 Cir. 2002).

19 Petitioner does not claim he was misled about the
20 statute of limitations or that Respondents acted to inhibit the
21 filing of his federal habeas petition. A petitioner's *pro se*
22 status, ignorance of the law, lack of representation during the
23 applicable filing period, and temporary incapacity do not
24 constitute extraordinary circumstances justifying equitable
25 tolling. See, e.g., Fisher v. Johnson, 174 F.3d 710, 714-716
26 (5th Cir. 1999); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir.
27 2004) (holding that petitioner's misunderstanding of state's

-9-

"rules, statutes, and the time period set forth therein do not justify equitable tolling").

### B. Failure to exhaust

Additionally, habeas relief may not be predicated on the merits of an Apprendi claim because Petitioner failed to properly exhaust this claim in the state courts.

The District Court may not grant federal habeas relief on the merits of a claim which was not exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir. 2005).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by

-10-

any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2007). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 541 U.S. 81, 126 S. Ct. 2378, 2387 (2006); Castille, 489 U.S. at 351, 109 S. Ct. at 1060. If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., Woodford, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona courts. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on

-11-

criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

Petitioner did not fairly present his Apprendi claim to the state's highest court, i.e., the Arizona Court of Appeals. Petitioner never pursued any form of post-conviction relief to the Arizona Court of Appeals. Accordingly, Petitioner has procedurally defaulted the sole claim for habeas relief stated in his amended petition.

### 3. Cause and prejudice

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claim, or cause and actual prejudice to excuse their default of the claim. See House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 2076 (2006); Dretke v. Haley, 541 U.S. 386, 392-93, 124 S. Ct. 1827, 1852 (2004).

"Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must

show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Petitioner has not established cause for, nor prejudice arising from, his procedural default of his Apprendi claim.[2] Accordingly, relief may not be granted on the merits of the claim.

---

[2] Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992).

**C.  Relief may be denied on the merits of the claim**

Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2007).

The Supreme Court held in Apprendi that, other than the fact of a prior conviction, any fact which increases the penalty for a crime beyond the legislatively-prescribed "statutory maximum" must be submitted to a jury and proved beyond a reasonable doubt.  See Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000).  The federal courts interpreted Apprendi to mean that a judge may not aggravate a sentence beyond the "statutory maximum" proscribed by the state legislature.

As stated supra, Petitioner's conviction became final in 1998, and the decision in Apprendi was published in 2000.  The Ninth Circuit Court of Appeals, in addition to the other Circuit Courts of Appeal, have held Apprendi may not be applied retroactively to cases which were on collateral review or already final at the time this decision was rendered by the United States Supreme Court.  See, e.g., Reynolds v. Cambra, 290 F.3d 1029, 1030 (9th Cir. 2002).  Cf. United States v. Sua, 307 F.3d 1150, 1154 (9th Cir. 2002) (holding Apprendi was not violated where sentence imposed did not exceed the statutory

-14-

maximum).

Additionally, the fact that Petitioner's sentence was aggravated by, *inter alia*, an admitted prior conviction and that he admitted this conviction removes his circumstance from the umbrella of Apprendi.[3]  See Hughes v. Harrison, 129 Fed. App. 340, 341 (9th Cir. 2005); Stevenson v. Lewis, 116 Fed. App. 814, 815 (9th Cir. 2004) ("Apprendi carved out a "narrow exception" for sentence enhancements based on "the fact of a prior conviction.").

### III  Conclusion

Petitioner's petition for a writ of habeas corpus is barred by the statute of limitations applicable to it pursuant to the AEDPA.  Petitioner has not shown that the circumstances of his case warrant application of equitable tolling so that this Court may address the merits of his petition for a writ of

---

[3]
> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. [ ] Here, only the existence of a prior conviction is at issue, and Petitioner has no federal right to have a jury decide that question. .... The Constitution permits prior convictions to be used to enhance a sentence, without being submitted to a jury, so long as the convictions were themselves obtained in proceedings that required the right to a jury trial and proof beyond a reasonable doubt. Apprendi, 530 U.S. at 488, 120 S. Ct. 2348 [ ]. There is no suggestion that Petitioner's [ ] conviction was obtained without the requisite procedural safeguards.  Thus, we reject Petitioner's claim that his sentence violated Apprendi.

Davis v. Woodford, 446 F.3d 957, 963 (9th Cir. 2006).

habeas corpus.

**IT IS THEREFORE RECOMMENDED** that Mr. Blevins' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 5th day of May, 2008.

_____
Mark E. Aspey
United States Magistrate Judge